UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80061-CR-CANNON/MCCABE

UNITED STATES OF AMERICA

vs.

NATHANIEL SHAMAD BRAXTON,

      Defendant.

_____/

## GOVERNMENT'S MOTION TO INTRODUCE 404(B) EVIDENCE

The United States of America, through the undersigned Assistant United States Attorney, hereby files this Motion to Introduce Evidence, pursuant to Fed. R. Evid. 404(b). Specifically, the United States will seek to introduce certain evidence underlying defendant Nathaniel Shamad Braxton's ("Braxton" or "defendant) 2021 Delinquent in Possession of a Firearm conviction to establish the defendant's intent, plan, knowledge, absence of mistake, and lack of accident in committing the instant offenses of Felon in Possession of a Firearm and Ammunition.

### Underlying Facts of Pending Case

On May 9, 2024, a federal grand jury returned an Indictment charging the defendant with two counts of felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). The underlying relevant facts of the case are as follows:

On June 20, 2022, a state arrest warrant was issued for Javon Edgecombe, a known acquaintance of the defendant. On July 6, 2022, a state arrest warrant was executed by the U.S. Marshals Service and the Palm Beach County Sheriff's Office at 2200 N Australian Ave.

Apartment #201, West Palm Beach, Florida 33407, also known as the Uptown 22 Apartments, with physical address of 2210 N. Australian Ave. West Palm Beach, Florida 33407.

During the execution of the arrest warrant, Edgecombe, the defendant, and Harry Mason, a known associate of the defendant, were present at the residence. Following the arrest of Edgecombe and after the securing of the apartment, a Delray Beach Police Department (DBPD) Detective applied for and obtained a search warrant for the residence.  During the execution of the search warrant, law enforcement recovered two (2) firearms and multiple rounds of ammunition. The firearms were identified as a Glock, Model: G26 Gen4, 9mm caliber semi-automatic pistol, with a 31-round high capacity magazine containing approximately twenty-six (26) rounds of 9mm ammunition; and a Fabrique Nationale Herstal (FN), Five-seven, 5.7x28mm caliber semi-automatic pistol with a 20-round high capacity magazine containing approximately twenty (20) rounds of 5.7x28mm ammunition.  The firearms were later processed for Deoxyribonucleic Acid (DNA) by the DBPD.

On or about July 18, 2022, a DBPD Detective applied for and obtained a search warrant for the defendant's DNA.  On July 21, 2022, pursuant to the DNA search warrant, the DBPD Detective executed the search warrant and collected a DNA buccal swab from the defendant at the Palm Beach County Courthouse at 205 N Dixie Highway, Courtroom 11H, West Palm Beach, FL.

A DNA report from DNA Labs International concluded the following:

    a.  Swabs from the FN Firearm Grip: "The DNA profile obtained from this item is approximately 180 quadrillion times more probable if the sample originated from Nathaniel Braxton and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the

proposition that Nathaniel Braxton is a contributor to the DNA profile obtained from the sample."

b.  Swabs from FN Firearm Sight: "The DNA profile obtained from this item is approximately 84 trillion times more probable if the sample originated from Nathaniel Braxton and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that Nathaniel Braxton is a contributor to the DNA profile obtained from the sample."

On March 31, 2024, DBPD Officers were conducting a high visibility patrol due to a recent homicide that occurred within the city of Delray Beach. At approximately 8:15 PM, in the vicinity of 119 NW 7th Ave. Delray Beach, FL 33444, DBPD Officers observed a crowd that began to spill into the parking lot of 615 NW 1st St. Delray Beach, FL, which is the location of the Saint John Primitive Baptist Church. The parking lot abuts the property of 119 NW 7th Ave.  In the entrances to the parking lot of the Church, there are "no trespassing" signs posted and the Church was not in service nor was it occupied at the time of the DBPD Officers' observations.

One of the DBPD Officers observed two (2) individuals, the defendant and Devontre Richardson (herein referred to after as "Richardson"), in the parking lot of the Church. The Officers stepped out of their marked DBPD patrol vehicles and made contact with the defendant and Richardson. The defendant and Richardson were known by the Officers as convicted felons from previous law enforcement contacts and intelligence. One of the Officers observed Richardson reaching or discarding an unknown item underneath a blue sedan in his immediate vicinity. The Officer asked Richardson what he was reaching for underneath the vehicle. Richardson then turned

3

and walked away from the Officer.

Another Officer observed the defendant as he walked away from the vehicle and observed a large object protruding from the back of his hoodie and continuing down his gym shorts. Based on the Officer's training and experience, individuals who are attempting to carry concealed rifles, often have the stock removed and only have the buffer tube exposed instead of a full stock, which was consistent with the object that was protruding from the defendant's hoodie. The defendant then turned to conceal his backside, where the suspected firearm was and began holding both hands in the air.

Due to the aforementioned observations and actions, including their prior knowledge of the defendant's felony status and inability to lawfully possess a firearm, as well as, their training and experience, the Officers believed the defendant was concealing a firearm. One of the Officers conducted a stop of the defendant, frisked his back, and immediately felt and observed a rifle in the defendant's shorts and under his hoodie. The firearm was secured and was later identified as a Palmetto State Armory Rifle PA-15 with one (1) round in the chamber and twenty-nine (29) rounds in the magazine.

### Evidence Sought to be Introduced Pursuant to 404(b)
### (Prior Conviction)

The Government intends to introduce evidence of the following prior conviction at trial: Delinquent in Possession of a Firearm, Case No. 2020-CF-007115-AXXX-MB, in Palm Beach County, Florida. The Government intends to introduce this evidence at trial by introducing certified copies of the judgments from the prior conviction to show motive, knowledge, intent, identity, and absence of mistake or lack of accident, and to establish the element of knowledge of

the defendant's prohibited status under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs or acts" may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. As the Court is aware, "Rule 404(b) is one of inclusion which allows [other act] evidence unless it tends to prove only criminal propensity." *United States v. Culver*, 2010 WL 699408 *5 (11th Cir. 2010) (quoting *United States v. Cohen*, 888 F.2d 770, 776, (11th Cir. 1989)).

This Circuit's test for admissibility of 404(b) evidence was announced in *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978), and expanded upon in *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992): 1) the evidence must be relevant to an issue other than a defendant's character; 2) the act must be established by sufficient proof to permit a jury finding that a defendant committed the extrinsic act; and  3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

The first prong is met in this case. The Eleventh Circuit has expressly "found that there is a 'logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental).'" *United States v. Perrier*, 619 Fed. Appx. 792, 796 (11th Cir. 2015)(unpublished)(quoting *United States v. Jernigan*, 341 F.3d at 1273, 1281 (11th Cir. 2003)). Thus, "the fact that [Braxton] knowingly possessed a firearm ... on a previous occasion makes it more likely that he knowingly did so this time as well." *Id*. (quoting *Jernigan*,

5

341 F.3d at 1282 (emphasis omitted)). Moreover, "when a defendant does not admit or stipulate to knowingly and intentionally possessing a firearm as a felon, the government may seek to admit evidence of a prior knowing possession of a firearm to prove the *mens rea* element of the offense." *Id.* (citing *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir.2005). Further, in the absence of a stipulation to such by the defense, this evidence is even more necessary and probative in view of the government's obligation to establish knowledge of the disabling characteristic under *Rehaif*.

It is well-settled law in this Circuit that "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue.'" *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir.1998). "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *United States v. Dorsey*, 819 F.2d 1055, 1059 (11th Cir.1987). Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied. *Id.; United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir.2001); *see also United States v. Floyd*, 522 Fed.Appx. 463, 467 (11th Cir. 2013) ("[I]t [was] reasonable for the court to conclude that Floyd was contesting his <u>knowledge of the characteristics of the substance</u> found in his possession. Indeed, Floyd presented a mere presence defense, which implied that he had no unlawful mindset regarding the crack cocaine." (emphasis added)(citing *United States v. Diaz–Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993)).

To establish relevance under the first prong of the test, the issues addressed by the extrinsic act evidence must be similar to those presented by the charged offense, and there must exist sufficient proof by which a jury could conclude that the defendant committed the extrinsic acts. *United States v. Roe*, 670 F.2d 956, 967 (11th Cir.), *cert. denied*, 459 U.S. 856 (1982). Where, as here, knowledge and intent on the part of the defendant are key issues likely to be contested, extrinsic act evidence is relevant and likely to be admitted over Fed. R. Evid. 403 objections. *See Beechum*, 582 F.2d at 911-12 (where letter carrier charged with stealing from the mails, evidence that at the time of his arrest he was in possession of two credit cards apparently stolen from the mails several months earlier found admissible on the issues of intent and knowledge, even though he was not charged relative to the credit cards); *see also United States v. Boon San Chong*, 829 F.2d 1572, 1576 (11th Cir. 1987)(evidence of prior home invasion by defendant admissible at trial on charge of extortion, where charged offense involved a home invasion, such extrinsic act evidence being probative on issue of defendant's state of mind); *United States v. Parr*, 716 F.2d 796, 804-05 (11th Cir.1983)(evidence of prior credit card scam admissible at trial on charge of counterfeiting where similar intent to defraud).

Second, the "other crimes" evidence must be established by sufficient proof to allow the jury to find that a defendant committed the 404(b) act. Notably, "[a]n extrinsic act does not need to result in criminal liability to be admissible under Rule 404(b), nor does the government have to prove the extrinsic evidence beyond a reasonable doubt." *United States v. Theramene*, 517 F. App'x 789, 784 (11th Cir. 2013). Here, there "other crimes" evidence includes a certified judgment, which provides the jury with sufficient proof that the act occurred.

The government submits that both the charged offenses, Felon in Possession of a Firearm on two separate occasions, and the extrinsic offenses sought to be introduced under Rule 404(b) are essentially identical, that is, they all involve the knowing possession of a firearm by a prohibited person. *See United States v. Johnson,* 6165 Fed.Appx. 582, 586 ("[A] convicted felon's knowing possession of a firearm at a previous time is relevant to whether his possession of a firearm at a later time is knowing rather than mistaken or accidental." (citing *Jernigan*, 341 F.3d at 1281)); *United States v. Cassell*, 292 F.3d 788, 793 (D.C. Cir. 2002)(noting, in the context of a felon in possession case, that "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged' " (quoting *United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001); *United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir.1995) (holding that prior possession of a firearm is admissible to show knowledge in a prosecution for knowingly possessing a similar weapon); *United States v. Pelusio*, 725 F.2d 161, 167–68 (2d Cir.1983) (holding that the introduction of evidence of previous instances in which the defendant had been present in an automobile with a shotgun were admissible "under Fed. Rules of Evid. 404(b)[ ] to show that his presence in the car with the shotgun [on the occasion in question] was intentional and not a mistake or accident"); *Beechum*, 582 F.2d at 913 (5th Cir.1978)(*en banc*)("Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under Rule 404(b)."); *see also United States v. Green*, 40 F.3d 1167, 1174-75 (11th Cir. 1994), *cert. denied*, 514 U.S. 1089 (1995)(Eleventh Circuit affirming introduction of 404(b) evidence wherein, "the district court

8

allowed the government to introduce evidence of James's prior arrest for possession of a distributable quantity of cocaine base, the same drug involved in the instant conspiracy. The challenged act involved the same mental state as the charged crime because both incidents involved possession of the same illicit drug, cocaine.").

Notwithstanding their relevance, it is acknowledged that the defendant's prior conviction may be deemed admissible should their probative value be substantially outweighed by prejudicial effect. *United States v. Matthews*, 431 F.3d 1296, 1310–1311 (11th Cir.2005) (citing to *United States v. Beechum*, 582 F.2d 898 (5th Cir.1978)) (*en banc*). In addition to factual similarity, Courts engaging the third *Beechum* prong often consider their temporal relationship to one another. *See Matthews*, 431 F.3d at 1311. Here, however, the year and a half "time gap" between the instant offense in Count 1 and the three and a half year "time gap" in Count 2, and the January 6, 2021, conviction for Delinquent in Possession of a Firearm, is well within the time period found acceptable by the Eleventh Circuit for the admission of such 404(b) evidence. *See United States v. Gil*, 581 Fed.Appx. 766 (11th Cir. 2014)(unpublished)("While the conduct underlying Gil's 1996 conviction was **more than 17 years old**, we do not have a bright-line rule as to when a conviction is too remote to be admissible under Rule 404(b), *Matthews*, 431 F.3d at 1311–12, and we have held that a **15–year–old conviction was admissible**, *[United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995)] . . . . Gil has not demonstrated that the evidence was plainly inadmissible."); *United States v. Floyd*, 522 Fed.Appx. 463, 467 (11th Cir. 2013)("Because an intervening period of as much as 15 years does not, alone, render evidence of prior convictions inadmissible, the **14–year gap** between Floyd's prior conviction and his current offense did not preclude the admission of his prior conviction); *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir.1995)(concluding

that **15 year** span did not render extrinsic prior drug conviction acts too remote for proper consideration); *United States v. James*, 147 Fed.Appx. 76, 81 (11th Cir. 2005)(unpublished)(holding that prior drug conviction of **15 years** not so remote that probative value was substantially outweighed by danger of unfair prejudice).

Finally, the government notes that the Eleventh Circuit has further observed that "any prejudicial effect from admission of [such] conviction[s] [can be] mitigated by court's limiting instructions" as the specific use of such evidence. *James*, 147 Fed.Appx. at 81 (citing *Diaz-Lizaraza*, 981 F.2d at 1225)); *see also Floyd*, 522 Fed.Appx. at 466 ("We have held that Rule 404(b) evidence is especially probative when the government lacks credible witnesses to testify as to a defendant's intent to distribute, and when the defendant's defense relies on mere presence or "non-participation." . . . Further, any unfair prejudice caused by admitting extrinsic evidence is mitigated by the issuance of a limiting instruction to the jury.").

## <u>CONCLUSION</u>

For all the foregoing reasons, the United States respectfully requests that this Court grant the Government's request to introduce the defendant's prior conviction as outlined above pursuant to Federal Rule of Evidence 404(b).

In accordance with Local Rule 88.9(a) and the Court's Trial Order, the undersigned certifies that the undersigned has conferred with counsel for the defendant who opposes the instant motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:    *s/ Brian Ralston*_____
Brian D. Ralston
Assistant United States Attorney
Court ID No.: A5502727
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1068
Email: Brian.Ralston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF.

*s/ Brian Ralston*
BRIAN D. RALSTON
Assistant United States Attorney

### SERVICE LIST

**United States of America v. Nathanial Braxton**
**Case No. 24-CR-80061-AMC**
**United States District Court, Southern District of Florida**

**Brian Ralston**
U.S. Attorney's Office
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
561-820-8711
Brian.Ralston@usdoj.gov
Attorney for USA

**Caroline McCrae**
Assistant Federal Public Defender
250 South Australian Ave, Suite 400
West Palm Beach, Florida 33401
(561) 833-6288
Caroline_McCrae@fd.org
Attorney for Braxton